# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

ANTHONY SANDERS,

                          Plaintiff,

    v.                                            9:14-CV-574 (DNH/ATB)

HUGES, Sergeant,

                         Defendant.

ANTHONY SANDERS, Plaintiff, *pro se*
COLLEEN D. GALLIGAN, Ass't Att'y Gen., for the Defendants

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

## ORDER and REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c) by the Honorable David N. Hurd, United States District Judge.

In this civil rights action, plaintiff claims that on March 10, 2014, Sergeant Keith Hughes[1] shoved, verbally abused, and physically assaulted him during an escort to the Special Housing Unit ("SHU") at Washington Correctional Facility ("Washington"). (Dkt. No. 1, Compl. at 6, ¶ 7). Presently before the court is the defendant's motion for partial summary judgment pursuant to Fed. R. Civ. P. 56 (Dkt. No. 25). Plaintiff has not responded to this motion.[2]

---

[1] Although the complaint and several of defendant's papers refer to a "Sergeant Huges," service was completed on Sergeant Keith Hughes, so this court will use the proper spelling of defendant's name. (Dkt. No. 11).

[2] Because defendant has sustained his burden of proof in support of his motion for summary judgment, and plaintiff has failed to respond, the court may deem plaintiff to have

For the reasons set forth below, this court recommends that defendant's motion for partial summary judgment be granted on the grounds raised therein. Because the present motion only sought summary judgment in regards to plaintiff's first and second causes of action, this court's recommendation does not resolve all issues raised in the complaint. Specifically, plaintiff's excessive force claim in the third cause of action remains.

## **BACKGROUND**

All of plaintiff's claims arise from the same incident, and therefore a factual overview is appropriate. This court will address additional facts as necessary to resolve defendant's motion for partial summary judgment.

On March 10, 2014, plaintiff underwent oral surgery to remove screws that had been installed after plaintiff fractured his jaw during an altercation with another inmate. (Dkt No. 25-3, Exhibit A, Pl's Depo. Transcript ("Transcript") at 8). Plaintiff was released from the hospital the same day. (Transcript at 13-15). Upon plaintiff's return to Washington, a facility nurse gave him pain medication, and defendant escorted him back to SHU. (Compl. at 4, ¶ 6; Transcript at 15).

During this escort, plaintiff alleges that the floor was slippery because it had

---

admitted the factual statements in defendant's Rule 7.1 Statement, may deem defendant's factual statements as true, and may deem that plaintiff has conceded the defendant's arguments. Plaintiff was warned of these consequences, both by defense counsel and by this court. (Dkt. No. 25 at 3, Dkt. No. 26 at 2). However, the court notes that it has reviewed and accepted the allegations in plaintiff's complaint in deciding whether genuine issues of material fact exist that would prevent granting of defendant's partial motion for summary judgment.

2

been recently mopped. (Compl. at 4, ¶ 6). Plaintiff, who was in handcuffs and leg shackles, was moving slowly due to pain. (Transcript at 15). Plaintiff alleges that defendant told him that he was walking too slow and pushed him. (Compl. at 5, ¶ 6; Transcript at 15). As a result of the push, plaintiff almost fell to the floor, but "caught [his] balance quite quickly. . . ." (Compl. at 5, ¶ 6). Plaintiff asked defendant why he was pushing him so violently, to which defendant allegedly became verbally abusive and threatened plaintiff. (Pet at 5, ¶ 6, Transcript at 15-16).

Plaintiff further claims that when he and defendant reached the SHU intake area, defendant punched him on the right side of his face, and slapped him on the left side of his face. (Compl. at 5, ¶ 6; Transcript at 19-20). Plaintiff, who is bisexual, also alleges that defendant called him a "Faggot little Bitch" during the assault. (Compl. at 5, ¶ 6). There were no witnesses or security cameras in the SHU intake area. (Compl. at 5, ¶ 6; Transcript at 18).

After the alleged assault, plaintiff was brought back to his cell. After defendant left, plaintiff noticed that his stitches from the operation were bleeding, and began to wash his mouth out. (Compl. at 5, ¶ 6, Transcript at 23). While standing at the sink in his cell, plaintiff passed out and hit his head on the floor. (Compl. at 5, ¶ 6; Transcript at 23). Plaintiff does not recall anything that happened after that, until he awoke in a hospital room at the Coxsackie Correctional Facility the next day. (Transcript at 24-25). He was transported back to Washington that afternoon. (Transcript at 26).

3

**DISCUSSION**

I.  **Summary Judgment**

Summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir. 2006).  "Only disputes over ["material"] facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment.  *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994).

The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial.  *Salahuddin*, 467 F.3d at 273.  In that context, the non-moving party must do more than "simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  However, in determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the movant.  *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Salahuddin*, 467 F.3d at 272.

4

"[I]n a pro se case, the court must view the submissions by a more lenient standard than that accorded to "formal pleadings drafted by lawyers." *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (citing, *inter alia*, *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994) (a court is to read a pro se party's "supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest")). "However, a pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir.1991)).

## II. <u>Excessive Force</u>

### A. **Legal Standards**

Inmates enjoy Eighth Amendment protection against the use of excessive force, and may recover damages under 42 U.S.C. § 1983 for a violation of those rights. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). The Eighth Amendment's prohibition against cruel and unusual punishment precludes the "unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000). To sustain a claim of excessive force under the Eighth Amendment, a plaintiff must establish both objective and subjective elements. *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999).

In order to satisfy the objective element of the constitutional standard for excessive force, a defendant's conduct must be "'inconsistent with the contemporary standards of decency.'" *Whitely v. Albers*, 475 U.S. 312, 327 (1986) (citation

5

omitted); *Hudson*, 503 U.S. at 9. The malicious use of force to cause harm constitutes a per se Eighth Amendment violation, regardless of the seriousness of the injuries. *Blyden*, 186 F.3d at 263 (citing *Hudson*, 503 U.S. at 9). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (citations omitted). "'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.'" *Sims*, 230 F.3d at 22 (citation omitted).

The subjective element requires a plaintiff to demonstrate the "necessary level of culpability, shown by actions characterized by wantonness." *Id*. at 21 (citation omitted). The wantonness inquiry "turns on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id*. (quoting *Hudson*, 503 U.S. at 7). In determining whether defendants acted in a malicious or wanton manner, the Second Circuit has identified five factors to consider: the extent of the injury and the mental state of the defendant; the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by the defendants to temper the severity of a forceful response." *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003).

**B.     Analysis**

Plaintiff raises two excessive force claims. Defendant has moved for summary

6

judgment on only one of these: plaintiff's first cause of action, which relates solely to defendant's alleged pushing of plaintiff while escorting him to his cell. (Def. Mem. of Law at 2-3). After considering plaintiff's complaint, his deposition, and the five factors outlined in *Hudson*, *supra*, this court concludes that no rational jury could find that defendant used excessive force when he pushed plaintiff while escorting him to SHU.

Even treating plaintiff's description of the alleged pushing or shoving as true, plaintiff has not alleged any facts that meet the objective or subjective standards required to find an Eighth Amendment violation. Plaintiff, who was assigned to SHU after a violent altercation with another inmate, admits that he was moving more slowly than usual. (Transcript at 15). By plaintiff's own account, the defendant pushed him once. While plaintiff describes this push as violent, he did not suffer any physical injury from this contact. (Compl. at 5, ¶ 6; Transcript at 17). Despite a slippery floor surface, plaintiff was able to maintain his balance and did not fall down. (Compl. at 5, ¶ 6; Transcript at 17). This pushing incident was over quickly, and plaintiff and defendant continued on to SHU after a short verbal dispute. (Compl. at 5, ¶ 6; Transcript at 15-16).

Taking all these facts into account, this court concludes that plaintiff's first cause of action alleges only a *de minimis* use of force. This finding is consistent with that of other courts applying *Hudson*. *See Boddie v. Schnieder,* 105 F.3d 857, 862 (2d Cir.1997) (holding that inmate's claims that he was "bumped, grabbed, elbowed, and pushed" by prison officials insufficient to state Eighth Amendment claim); *Bermudez*

7

*v. Waugh*, No. 09:11-CV-947 (MAD/DEP), 2013 WL 654401 at *5 (finding that tackling of inmate that caused minor bruising constituted *de minimis* force); *James v. Phillips*, No. 05 Civ. 1539, 2008 WL 1700125 at *4 -*5 (S.D.N.Y. 2008) (finding de minimis use of force when prison guard shoved inmate into cell door, causing swelling of the inmate's chin); *Brown v. Busch*, 954 F.Supp. 588, 597 (W.D.N.Y.1997) (holding that pushing and striking an inmate, causing the inmate to stumble into his cell was *de minimis* force).

Plaintiff's allegation that he was pushed by defendant for moving too slowly does not rise to the level of a constitutional violation. Therefore, this court recommends that defendant's motion for summary judgment be granted as to plaintiff's first cause of action.

### III. <u>Verbal Harassment</u>

#### A. Legal Standards

It is well established in the Second Circuit that verbal abuse, whether threatening, vulgar, or racial in nature, does not, by itself, rise to the level of a constitutional violation. *See, e.g.*, *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986); *Webster v. Holmes*, 694 F. Supp. 2d 163, 187 (N.D.N.Y. 2010) (collecting cases); *Ramirez v. Holmes*, 921 F. Supp. 204, 210 (S.D.N.Y. 1996).

#### B. Analysis

In his petition, plaintiff alleges that after nearly falling, he questioned defendant's need to push him, and defendant replied "Shut the fuck up or I will make you fall." (Compl. at 6, ¶ 7). In his deposition, plaintiff described the exchange

8

slightly differently:

> I said, "You don't got to put your hands on me."
> He said, "I'll do whatever I want."
> And then I say, "If you put your hands on me again, I am going to grieve you."
> He said, "We will see when we get back to the box."

(Transcript at 15-16).

To the extent that a constitutional claim is premised solely on verbal harassment, it must fail. Plaintiff's second cause of action is premised entirely on the alleged threats and insults during his angry exchange with defendant. (Compl. at 6). Even if defendant's remarks could be interpreted as harassment, plaintiff is not entitled to relief pursuant to 42 U.S.C. § 1983. Verbal harassment and profanity, no matter how unprofessional and offensive, do not rise to the level of a constitutional violation. *Holmes v. LeClair,* No. 09:09-CV-437 (TJM/ATB), 2012 WL 5880360 at *14 (N.D.N.Y. 2012) (citing *Purcell, supra*). Therefore, this court recommends that defendant's motion for summary judgment be granted as to plaintiff's second cause of action.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion for partial summary judgment (Dkt. No. 124, 125) be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT**

9

**TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

**Dated**: August 19, 2015

Hon. Andrew T. Baxter
U.S. Magistrate Judge